IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONDALAYA GAMBLE, M.D., | |
| Plaintiff, | Case No.: 1:19-CV-4297 |
| v. | **Trial by Jury Demanded** |
| COUNTY OF COOK, EDWARD LINN, M.D., in his individual and official capacities, and FIDEL ABREGO, M.D., in his individual and official capacities. | |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, TONDALAYA GAMBLE, M.D., by and through her attorneys, The Case Law Firm LLC, for her First Amended Complaint at Law against Defendants and states and alleges as follows:

**Introduction**

1. This action arises under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), the Fourteenth Amendment to the Constitution of the United States ("14th Amendment"), 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., as amended ("Title VII") and the Illinois Human Rights Act, 775 ILCS § 5/1-101 et seq. ("IHRA").

**Jurisdiction and Venue**

2. Jurisdiction is conferred on this Court by the above-named statutes, as well as by 28 U.S.C. § 1331, §1343(a) and § 1367. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391 (b) and (c).

1

**The Parties**

3. Plaintiff Tondalaya Gamble, M.D., ("Plaintiff") is an African American citizen of the United States and a resident of Chicago, Cook County, Illinois. Plaintiff has at all relevant times been employed by Defendant Cook County as a Physician in the Obstetrics and Gynecology ("Ob/Gyne") Department at John H. Stroger Jr. Hospital of Cook County.

4. Defendant County of Cook ("Defendant Cook County") is a home rule unit of local government pursuant to Article VII § 6(a) of the 1970 Illinois Constitution. The John H. Stroger Jr. Hospital of Cook County ("Stroger") is a public hospital organized under the laws of the State of Illinois. The Cook County Board of Commissioners was at all times relevant the governing body for Defendant Cook County and Stroger. At all relevant times, Defendant Cook County has had more than fifteen employees.

5. Defendant Edward Linn, M.D. ("Defendant Linn") is an individual and resident of Chicago, Cook County, Illinois and at all times relevant herein, was the System Chairman for Stroger's Ob/Gyne Department and one of Plaintiff's supervisors. At all relevant times Defendant Linn was acting under color of state law and had policymaking authority. Plaintiff sues Defendant Linn in his individual and official capacities.

6. Defendant Fidel Abrego, M.D. ("Defendant Abrego") is an individual and resident of Chicago, Cook County, Illinois and at all times relevant herein, was Head of Gynecology for Stroger's Ob/Gyne Department and one of Plaintiff's supervisors. At all relevant times Defendant Abrego was acting under color of state law and had policymaking authority. Plaintiff sues Defendant Abrego in his individual and official capacities.

**Factual Allegations**

7. Plaintiff began working for Defendants in or around October of 2009 as an Attending Physician in Stroger's Ob/Gyne Department.

8. At that time, Plaintiff had sixteen years of experience as a physician and had completed a three-year accredited subspecialty fellowship. Plaintiff is board certified in both general Ob/Gyne and also as a sub-specialist in Female Pelvic Medicine Reconstructive Surgery/Urogynecology.

9. At the time that Plaintiff was hired, she was the only African American Physician in Stroger's Ob/Gyne Department out of twelve Ob/Gyne Generalists Physicians (the "Generalists") and six Ob/Gyne Physicians who hold certifications in an Ob/Gyne subspecialty (the "Subspecialists").

10. Defendants hired Plaintiff as an Ob/Gyne Generalist despite that she holds a certification in an Ob/Gyne subspecialty making her qualified for a Subspecialist position.

11. Plaintiff has consistently met and/or exceeded Defendants' performance expectations.

**Defendants Discriminate Against Plaintiff Based on her Race**

12. From the very beginning of Plaintiff's employment, Defendants have subjected her to disparate terms and conditions of employment as compared to her non-black counterparts.

13. For instance, from the time of Plaintiff's hire, she has been the only Physician in her Department who Defendants have required to perform duties as both a Generalist and a Subspecialist. None of the non-black Generalists are similarly required to perform subspecialty duties and none of the non-black Subspecialists are required to perform General Ob/Gyne duties.

14. This means that Plaintiff is the only Generalist to run an overbooked and very busy subspecialty clinic and also the only Subspecialist required to cover 24-hour inhouse general Ob/Gyne call shifts as well as General Ob/Gyne clinics. As a result of these dual duties, Plaintiff is regularly scheduled to work far more clinical hours than her non-black counterparts.

15. Additionally, Defendants have consistently required Plaintiff to run and staff Stroger's Gynecology/Urology clinic without any additional Physicians or dedicated Physician's Assistants ("PA") to assist her. Stroger's non-black Ob/Gyne Physicians are never asked to run a clinic without support and, instead, are scheduled in pairs and with a PA assigned to assist.

16. Plaintiff has also been the only Physician in Stroger's Ob/Gyne Department whom Defendants have consistently failed to schedule for administrative hours to update progress notes, complete paperwork, and call patients with results and follow up. Plaintiff's non-black counterparts are regularly scheduled for at least four hours of administrative time per week. As a result, Plaintiff is regularly the only Ob/Gyne Physician who has to complete these tasks at home on her own time.

17. Plaintiff has never controlled her own schedule during her years working for Defendants. Instead, Defendants determine which patients are booked, when, and which medical providers will be assigned to the various tasks in Stroger's Ob/Gyne Department. Thus, Defendants have been directly responsible for these disparities.

18. Because of the disparities in patient load and responsibilities, Plaintiff began to feel overwhelmed at work and feared that, without the proper support, her ability to render quality and safe patient care ran the risk of declining.

19. As a result, starting in or around 2011, Plaintiff repeatedly requested additional assistance from her supervisors, Defendants Linn and Abrego. She informed Defendants Linn and Abrego on multiple occasions that she was over-extended and concerned about her ability to provide quality patient care as a result of the disparities in scheduling, but she was consistently ignored.

4

20. Instead, in or around February 2013, Defendant Abrego responded to Plaintiff that "maybe this is not the place for you to be working." Plaintiff has never witnessed Defendant Abrego suggest to any of her non-black counterparts that they are not a good fit for the Department.

21. In June of 2013, Plaintiff pleaded with Stroger's Chief Medical Officer Claudia Fegan for help, and Dr. Fegan informed her that Stroger had hired a new PA who would be assigned to work with Plaintiff. However, that PA was only assigned to Plaintiff one day per week while her non-black counterparts had the assistance of PAs at all times during their four-hour weekly clinics. Additionally, Defendants told the new PA that Plaintiff was not her supervisor and that Plaintiff had no authority over her or her schedule. Eventually, that PA's employment with Defendants ended and she has not been replaced. As a result, Plaintiff is again the only Physician in Stroger's Ob/Gyne Department who is required to run an overbooked subspecialty clinic without assistance.

**Plaintiff Learns that She is Paid Less than Non-Black Physicians in her Department**

22. In or around March of 2013, in a meeting with Defendants Linn and Abrego as well as Dr. Fegan, Plaintiff learned that starting at the time of her hire and continuing to present, Defendants had paid her far less than her non-black, similarly trained Subspecialist counterparts, including but not limited to Dr. Edwardo Yordan and Dr. Sameer Sharma. These Subspecialists work part-time but are paid more annually than Plaintiff who works full-time.

23. Plaintiff also learned that she was paid less than at least one white Ob/Gyne Generalist, Dr. Karen Fish, who had no subspecialty certification and significantly less experience than Plaintiff.

24. In or around November of 2014, after Plaintiff complained of discrimination and her union pursued a grievance on her behalf, Defendants increased her pay grade by two steps.

25. However, even after this increase: a) Defendants continued to pay Plaintiff less than the non-black Subspecialists in her Department as well as Dr. Fish; b) Defendants failed to provide Plaintiff any back pay to compensate her for the discriminatory wage disparity she suffered from the time of her hire in October 2009 through November 2014 when her pay was increased; and c) Defendants continued to subjected Plaintiff to disparate job responsibilities as compared to her non-black counterparts, including but not limited to forcing Plaintiff to run clinics by herself, continuing to deny her the support of a dedicated PA, and requiring her to cover the 24-hour inhouse call as well as Generalist duties.

26. Given that Defendants have forced Plaintiff to utilize her Subspecialist certification and perform Subspecialist responsibilities, Plaintiff has consistently asked over the past ten years to be given the title and compensation of a Subspecialist in Stroger's Ob/Gyne Department. Defendants have consistently responded that they cannot reclassify Physicians and that Plaintiff would have to wait for a new Subspecialist position to be posted.

27. Then, in or around October of 2018, Defendants created a new Subspecialist position but failed to post it or inform Plaintiff of it. Instead, Defendants hired a new non-black Physician who Plaintiff had trained, Dr. Anna Strohl, to fill the new position. Dr. Strohl has significantly less experience than Plaintiff and does not hold a certification in her subspecialty.

28. Dr. Strohl works part-time, like the other non-black Subspecialists, but is paid more than Plaintiff, who works full-time.

29. Further, during the same timeframe that Defendants stated that they could not create a new position for Plaintiff, they created and filled five new Generalist positions in Stroger's Ob/Gyne Department.

6

**Administrative Prerequisites**

30. On April 16, 2013, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") against Stroger alleging that she was discriminated against with regards to the terms and conditions of employment and compensation and harassed as a result of her race (Charge No. 2013-CA-3239). That charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC") (Assigned Charge No. 21-BA-31730).

31. On March 10, 2015, the IDHR dismissed Plaintiff's charge and issued a Notice of Dismissal for Lack of Substantial Evidence. Plaintiff filed a timely Request for Review with Illinois Human Rights Commission ("IHRC") and, on March 25, 2019, the IHRC vacated that dismissal as to three of Plaintiff's counts and remanded the matter to the IDHR for a Finding of Substantial Evidence.

32. On March 29, 2019, Plaintiff received a Notice of Substantial Evidence as to three of the counts in her original Charge of Discrimination. Attached as Exhibit 1 is a copy of that Notice.

33. On June 21, 2019, Plaintiff notified the EEOC of the IDHR's Notice of Substantial Evidence and requested that the agency issue her a Notice of Right to Sue. Attached as Exhibit 2 is a copy of that request.

34. Plaintiff filed a second charge of discrimination with the IDHR alleging race and age discrimination against Defendants based on the decision in October of 2018 (Charge No. 2019-CA-2811). That charge was cross-filed with the EEOC (Assigned Charge No. 21-BA-91751).

35. On August 27, 2019, the IDHR issued its Notice of Right to Sue in relation to the second charge. Attached as Exhibit 3 is a copy of that Notice.

36. On November 15, 2019, Plaintiff notified the EEOC of the IDHR's Notice and requested that the agency similarly issue its own Notice of Right to Sue. Attached as Exhibit 4 is a copy of that Request.

### COUNT I – RACE DISCRIMINATION IN VIOLATION OF TITLE VII
### AGAINST DEFENDANT COOK COUNTY

37. Plaintiff incorporates the preceding paragraphs 1-36 as though fully set forth in this Count I.

38. Defendant Cook County intentionally discriminated against Plaintiff based on her race when it subjected her to disparate terms and conditions of employment, harassment, and disparate compensation as compared to her non-black counterparts.

39. Defendant Cook County engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under Title VII.

37. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial and irreparable injury including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendant Cook County subjected her to race discrimination in violation of Title VII;

B. Order Defendant Cook County to increase her pay commensurate with her non-black Physician counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

F. Award any further relief this Court deems to be just and appropriate.

## COUNT II – RACE DISCRIMINATION IN VIOLATION OF SECTION 1983 AGAINST ALL DEFENDANTS

40. Plaintiff incorporates the preceding paragraphs 1-36 as though fully set forth in this Count II.

41. Defendants intentionally discriminated against Plaintiff based on her race when they subjected her to disparate terms and conditions of employment, harassment, and disparate compensation as compared to her non-black counterparts.

42. Defendants intentionally, purposefully and willfully caused deprivations of Plaintiff's constitutionally protected right to equal protection under the laws, as guaranteed through the Fourteenth Amendment and made enforceable under Section 1983, because of her race.

43. Defendants' actions constituted a systematic policy, practice and custom of discrimination against Plaintiff and other African American employees at Stroger.

44. Defendants acted under color of state law in depriving Plaintiff of her equal protection rights.

45. Defendants Linn and Abrego were personally responsible for the deprivation of Plaintiff's rights.

46. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial and irreparable injury including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendants unlawfully deprived Plaintiff of her right to equal protection of the law based on her race with malice and reckless indifference for her federally protected rights under Section 1983;

B. Order Defendants to increase her pay commensurate with her non-black Physician counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

F. Award any further relief this Court deems to be just and appropriate.

## COUNT III – RACE DISCRIMINATION IN VIOLATION OF THE IHRA AGAINST DEFENDANT COOK COUNTY

47. Plaintiff incorporates the preceding paragraphs 1-36 as though fully set forth in this Count III.

48. Defendant Cook County intentionally discriminated against Plaintiff based on her race when it subjected her to disparate terms and conditions of employment, harassment, and disparate compensation as compared to her non-black counterparts.

49. Defendant Cook County engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's statutorily protected rights under the IHRA.

50. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial and irreparable injury including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

10

    A.    Enter a finding that Defendant Cook County subjected her to race discrimination in violation of the IHRA;

    B.    Order Defendant Cook County to increase her pay commensurate with her non-black Physician counterparts;

    C.    Award Plaintiff lost wages and benefits;

    D.    Award Plaintiff compensatory damages in an amount to be proven at trial;

    E.    Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

    F.    Award any further relief this Court deems to be just and appropriate.

## COUNT IV – RACE DISCRIMINATION IN VIOLATION OF SECTION 1981 AGAINST ALL DEFENDANTS

51. Plaintiff incorporates the preceding paragraphs 1-36 as though fully set forth in this Count IV.

52. By subjecting Plaintiff to disparate terms and conditions of employment, harassment, and disparate compensation as compared to her non-black counterparts because of her race, Defendants unlawfully interfered with Plaintiff's right to make and enforce her employment contract regardless of her race, in violation of Section 1981.

53. Defendants engaged in the aforesaid discriminatory acts with malice or with reckless indifference to Plaintiff's federally protected rights under Section 1981.

54. Defendants' actions constituted a systematic policy, practice and custom of racial discrimination.

55. As a direct and proximate result, Plaintiff has suffered and continues to suffer substantial and irreparable injury including but not limited to lost wages, lost benefits, and emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a finding that Defendants unlawfully interfered with her right to make and enforce her employment contract regardless of her race with malice and reckless indifference for Plaintiff's federally protected rights under Section 1981;

B. Order Defendants to increase her pay commensurate with her non-black Physician counterparts;

C. Award Plaintiff lost wages and benefits;

D. Award Plaintiff compensatory and punitive damages in an amount to be proven at trial;

E. Award Plaintiff her reasonable attorneys' fees and costs incurred in bringing this action;

F. Award any further relief this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

Respectfully Submitted,

TONDALAYA GAMBLE, M.D.

By: /s/ *Kate Sedey*
    One of Her Attorneys

Kate Sedey
Kristin M. Case
The Case Law Firm, LLC
250 South Wacker Dr., Suite 230
Chicago, Illinois 60606
312-920-0400
312-920-0800 (fax)
ksedey@thecaselawfirm.com



ILLINOIS DEPARTMENT OF
Human Rights

BJ Pritzker, Governor
James L. Bennett Acting Director

March 28, 2019

Tondalaya Gamble
1421 S. Campus Parkway
Chicago, IL 60608

Anita Morris
Cook County Bureau of Human Resources
118 N. Clark St., Room 833
Chicago, IL 60602

Re: Tondalaya Gamble vs John H. Stroger., Jr. Hospital of Cook County, Charge 2013CA3239

**NOTICE OF SUBSTANTIAL EVIDENCE AS TO COUNTS E, G and M**

You have received an Order from the Illinois Human Rights Commission ("Commission") vacating the dismissal of the Counts E, G and M of the Charge by the Illinois Department of Human Rights ("Department"), reinstating Counts E, G and M of the Charge and remanding Counts E, G and M of the Charge to the Department for this entry of a finding of Substantial Evidence.

**Complainant has the following options:**

1) Within thirty (30) days of receipt of this Notice of Substantial Evidence, you may notify the Department in writing if you wish the Department to file a complaint as to Counts E, G and M of the Charge with the Commission pertaining to the allegation(s). Your request should be sent to: Chief Legal Counsel, Illinois Department of Human Rights, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.

The Illinois Human Rights Act ("Act") permits the Department to conduct conciliation to provide the parties with an opportunity to settle the case before a complaint is filed as to Counts E, G and M with the Commission. Conciliation is a process in which a Department Staff Attorney facilitates settlement discussions with both parties via telephone. Should you notify the Department as outlined above, that you wish the Department to file a complaint with the Commission, I have been designated by the Director to CONCILIATE this case.

100 West Randolph Street, Suite 10-100, Chicago, IL 60601, (312) 814-6200, TTY (866) 740-3953, Housing Line (800) 662-3942
535 West Jefferson Street, 1st Floor, Springfield, IL 62702, (217) 785-5100
2309 West Main Street, Marion, IL 62959 (618) 993-7463
www.illinois.gov/dhr

**EXHIBIT 1**

You also have the opportunity to use the mediation process to resolve your case if both parties agree and time-constraints for filing a complaint according to the Act can be met. Mediation is a form of alternative dispute resolution. Parties to a Department charge meet voluntarily in an informal atmosphere with a certified mediator to discuss voluntary settlement options to close the Department charge. All mediation settlement conferences are held in the Department's Chicago office. Please contact me if you are interested in resolving your case through mediation.

All settlement efforts are confidential and must be concluded within ninety (90) days of receipt of this notice. If it is determined there is not a reasonable possibility of settlement, I will prepare a complaint as to Counts E, G and M of the Charge against Respondent, file it with the Commission and serve a notice of such filing on all parties, pursuant to Section 7A-102(F) of the Act. It is then the responsibility of the parties to proceed forward with the case in the Commission.

**Or**

2) Complainant may within ninety (90) days of receipt of this Notice, file a complaint as to Counts E, G and M with the Commission. If Complainant files a complaint with the Commission, Complainant must also give notice of such filing to the Department.

**Or**

3) Complainant may commence a civil action as to Counts E, G and M of the Charge in the appropriate state circuit court within ninety (90) days after receipt of this Notice. The civil action should be filed in the circuit court in the county in which the civil rights violation was allegedly committed.

Oral R. Bennett.
Staff Attorney
(312) 814-6273

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )   CHARGE NO: 2013CA3239

## AFFIDAVIT OF SERVICE

RUTH WILLINGHAM, deposes and states that (s)he served a copy of the attached NOTICE OF SUBSTANTIAL EVIDENCE upon each person named below by depositing the same this __28th__ day of __March__, __2019__, in a U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

Tondalaya Gamble
1421 S. Campus Parkway
Chicago, IL  60608

Anita Morris
Cook County Bureau of Human Resources
118 N. Clark St., Room 833
Chicago, IL  60602

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that (s)he verily believes the same to be true.

RUTH WILLINGHAM

SUBSCRIBED AND SWORN TO BEFORE ME

THIS __28th__ DAY OF __March__, 2018.

NOTARY PUBLIC

PATRICIA ALMARAZ
Official Seal
Notary Public – State of Illinois
My Commission Expires Sep 18, 2021



# THE CASE LAW FIRM, LLC

250 South Wacker Drive, Suite 230
Chicago, Illinois 60606
312/920-0400
Facsimile 312/920-0800
ksedey@thecaselawfirm.com

June 21, 2019

**VIA ELECTRONIC MAIL**
Mr. Daniel Lim
U. S. EEOC
230 S. Dearborn St., Ste. 1866
Chicago, Illinois 60604
daniel.lim@eeoc.gov

    **Re:**    **Tondalaya Gamble v. John H. Stroger, Jr. Hospital of Cook County**
              **Charge No. 21-BA-31730**

Dear Mr. Lim:

    By this letter, we are notifying the Equal Employment Opportunity Commission ("EEOC") that the Illinois Department of Human Rights Issued a Notice of Substantial Evidence in this matter and requesting that the EEOC issue a Notice of Right to Sue for the above-mentioned Charge.

                                            Very truly yours,

                                            Kate Sedey

**EXHIBIT 2**

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF: )
)
Tondalaya Gamble )
)
Complainant, ) Charge No.: 2019CA2811
) EEOC No.: 21BA91751
and )
)
Cook County Health and Hospitals )
)
Respondent. )

**NOTICE OF OPT OUT OF IDHR'S INVESTIGATIVE AND ADMINISTRATIVE PROCESS, AND OF RIGHT TO COMMENCE AN ACTION IN CIRCUIT COURT**

TO:  Tondalaya Gamble                         Mr. Nicolas Krasucki
     C/o Kate Sedey                           Stroger Hospital
     The Case Law Firm LLC                    Cook County Health & Hospital Systems
     250 S. Wacker Drive Suite 230            1900 W. Polk
     Chicago, IL 60606                        Chicago, IL 60612

**Date Perfected Charge Filed:**   May 30, 2019
**Date Opt Out Request Filed:**    August 22, 2019

The above-captioned Charge having been filed with the Department of Human Rights ("IDHR") by Complainant against Respondent, and Complainant having filed a written request to opt out of the investigation and administrative processing of the above-captioned Charge pursuant to Section 7A-102(C-1) of the Human Rights Act (775 ILCS 5/7A-102(C-1));

You are hereby NOTIFIED that Complainant has 95 days from the date of this Notice below to commence an action in the appropriate circuit court. If Complainant chooses to commence an action in the appropriate circuit court, be advised that:

- Complainant must notify IDHR and Respondent that a complaint has been filed, and must mail a copy of the complaint to IDHR and to Respondent on the same day the complaint is filed.
- The Appellate Courts in Watkins v. Office of the State Public Defender, ___ Ill.App.3d ___, 976 N.E.2d 387 (1st Dist. 2012), and Lynch v. Department of Transportation, ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act against the State of Illinois in the Illinois Circuit Court are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.
- IDHR shall continue to investigate and process the above-identified charge in accordance with IDHR's Rules and Regulations until IDHR receives notice from Complainant that Complainant has filed a complaint with the appropriate circuit court.

ENTERED THIS __27th__ DAY OF __August__ 2019.
JAMES L. BENNETT, DIRECTOR

BY: *[signature: Brent A. Hozman]*
Manager, Charge Processing Division

7B Notice_Opt Out
10/18

**EXHIBIT 3**



# THE CASE LAW FIRM, LLC

250 South Wacker Drive, Suite 230
Chicago, Illinois 60606
312/920-0400
Facsimile 312/920-0800
ksedey@thecaselawfirm.com

November 15, 2019

<u>**VIA ELECTRONIC MAIL**</u>
Mr. Daniel Lim
U. S. EEOC
230 S. Dearborn St., Ste. 1866
Chicago, Illinois 60604
daniel.lim@eeoc.gov

  Re: **Tondalaya Gamble v. John H. Stroger, Jr. Hospital of Cook County**
     **Charge No. 21-BA-91751**

Dear Mr. Lim:

  By this letter, we are notifying the Equal Employment Opportunity Commission ("EEOC") that the Illinois Department of Human Rights Issued a Notice of Substantial Evidence in this matter and requesting that the EEOC issue a Notice of Right to Sue for the above-mentioned Charge.

            Very truly yours,

            *Kate Sedey*

            Kate Sedey

**EXHIBIT 4**