IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONDALAYA GAMBLE, M.D., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF COOK, EDWARD LINN, MD., in his individual and official capacities, and FIDEL ABREGO, M.D., in his individual and official capacities. <br><br> Defendants. | Case No. 1:19-cv-4297 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tondalaya Gamble brings this action against Cook County, Edward Linn, and Fidel Abrego alleging race-based employment discrimination. The defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II and IV of the complaint. For reasons given below, the Court grants in part and denies in part the defendants' motion to dismiss.

**I. Background**

The following factual allegations are taken from the First Amended Complaint ("FAC") and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff Tondalya Gamble brings this civil rights action alleging that Defendants County of Cook, Edward Linn, and Fidel Abrego subjected her to racial discrimination and harassment in her role as an employee under their supervision. Dkt. 29, FAC ¶1. Gamble is an African American physician who is board certified in obstetrics and

1

gynecology. *Id.* ¶¶3, 8. She has also completed a fellowship in the sub-specialty of female pelvic medicine reconstructive surgery/urogynecology. *Id.* ¶8. In 2009, she was hired as an attending physician in the OB/GYN department at John H. Stroger Jr. Hospital of Cook County, a public hospital in Chicago. *Id.* ¶¶4, 7. Linn is the System Chairman of the department and a supervisor of Gamble. *Id.* ¶5. Abrego is the Head of Gynecology in the department and another supervisor of Gamble. *Id.* ¶6. At the time of her hiring, Gamble was the only African American doctor in the department. *Id.* ¶9.

The complaint alleges that, due to her race, Gamble was subjected to unequal and discriminatory working conditions. *Id.* ¶38. The discrimination included being required to perform the duties of both a generalist physician and a sub-specialist; scheduled for far more clinical hours than her non-black peers; being deprived of standard support like physician's assistants; being paid considerably less than comparably trained non-black subspecialists in the department and at least one generalist; being denied a subspecialist title despite her training; and, when a subspecialist position became available, being passed over for a less qualified non-black doctor. *Id.* ¶¶13, 14, 15, 22-23, 26-27.

These, and other, allegations are the basis for the Gamble's four counts against the defendants. At issue here are Counts II and IV, which claim racial discrimination in violation of § 1983 and § 1981, respectively. *Id.* ¶¶40-46, 51-55. In this motion, the defendants seek dismissal of Count II and Count IV against all the defendants.

**II. Standard**

2

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

### III. Analysis

In their motion to dismiss, the defendants argue that (1) Gamble fails to state a *Monell* claim against Cook County; (2) Gamble has not made sufficiently specific allegations against Linn and Abrego to support a §1983 claim; (3) the claims against Linn and Abrego must be dismissed under the doctrine of qualified immunity; and (4) Gamble's § 1981 claim fails because her §1983 claims fail.

### A. Gamble Fails to State a *Monell* Claim Against Cook County

A plaintiff cannot make out a 42 U.S.C. § 1983 against a municipality, such as Cook County, "solely because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Instead, the plaintiff must show that the constitutional violation was the result of "action pursuant to official municipal policy." *Id.* at 690. When such an official policy can be found, the plaintiff has what is known as a *Monell* claim, after the Supreme Court case that established the principle.

The Seventh Circuit has identified three ways a plaintiff may demonstrate the existence of an "official municipal policy:" "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). In the instant case, Gamble has made no allegations of an expressly discriminatory policy nor argued that Linn or Abrego have "final decision-making authority."

4

Instead, her § 1983 claim against Cook County relies on the alleged existence of a "wide-spread practice" of racial discrimination.

In evaluating a *Monell* claim at the motion-to-dismiss stage, a court must be careful not to apply a "heightened pleading standard." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). In particular, the Seventh Circuit held in *White v. City of Chicago* that a claim alleging a "wide-spread practice" could survive a motion to dismiss even if the only constitutional violation identified was the plaintiff's. 829 F.3d 837, 844 (7th Cir. 2016). In *White*, a plaintiff raised a *Monell* claim against Chicago, alleging wide-spread violations of arrestees' Fourth Amendment rights. *Id*. In his complaint, however, the plaintiff only raised his alleged violation, giving no other examples of individuals' rights being violated. *Id*. This was enough to make a claim, the court held, as the plaintiff "was not required to identify every other or even one other individual" whose rights had been similarly violated. *Id*.

That said, an allegation of merely "individual misconduct" is not enough. *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015). Instead, the plaintiff must "include some allegations to allow the inference that [the institutional defendant] maintained a policy or practice" that led to wide-spread rights violations. *Rayford v. Dart*, 2018 WL 5619452, at *3 (N.D. Ill. Oct. 30, 2018). In *White*, this inference was sustained by the defendant's use of a standard form that was constitutionally insufficient, suggesting a wide-spread practice. *White*, 829 F.3d at 844. In *Branier v. Dart*, a prisoner's *Monell* claim survived despite not identifying anyone else whose rights

5

were violated because he alleged specific prison practices that suggested wide-spread violations. 2018 WL 1519154, at *7 (N.D. Ill. Mar. 28, 2018).

Here, Gamble's allegations do not permit an inference of a larger policy or practice. She describes a series of potentially discriminatory actions, but, as she noted in her response to the motion, Linn and Abrego were the ones who performed "these specific, personal actions." (Dkt. 34, Response at 10). There is no basis to infer that Linn and Abrego's actions were the result of Cook County's policy or practice. Gamble points to the numerous examples of alleged discrimination *against her* as evidence of a widespread pattern. The relevant question, however, is not whether there has been one violation or twenty, but whether there is an allegation of a "'wide-spread practice' . . . so permanent and well-settled as to constitute a 'custom or usage.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Without some connection between the individual defendants' conduct and wider Cook County practice, the claim cannot survive a motion to dismiss. Therefore, Cook County is dismissed from Count I.

### B. Gamble Has Stated a Valid § 1983 Claim Against Linn and Abrego

*Gamble Adequately Pleads Her Claims Against Linn and Abrego*

The defendants next challenge Gamble's § 1983 claim against Linn and Abrego in their individual capacities. In making a § 1983 claim, "[i]ndividual liability . . . can only be based on a finding that the defendant caused the deprivation at issue." *Kelly v. Mun. Courts of Marion County*, 97 F.3d 902, 909 (7th Cir.1996). The plaintiff must show that the individuals had "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th

6

Cir. 2003). This personal involvement can be show through direct participation or demonstrable acquiescence in the constitutional violation. *Id.*

Gamble has provided enough factual allegations against Linn and Abrego to survive a motion to dismiss. She provides information on both their direct participation and knowing acquiescence in unconstitutional discrimination against her. For example, she describes being paid less than her non-black colleagues despite similar or greater qualifications; being subjected to longer working hours and more responsibilities than her non-black colleagues; and being denied support by physician's assistants per the department's standard practice. Dkt. 29, FAC ¶¶22-23, 14, 15. As Gamble's supervisors, Linn and Abrego were aware of or directly responsible for this allegedly discriminatory treatment. They were responsible for setting her schedule; were aware of the disparities in pay and had control over her salary; limited her physician's assistant support; and hired less qualified doctors to fill a new subspecialist position. *Id.* ¶17, 22, 24, 21, 26. This is enough to "state a claim to relief that is plausible on its face." *Haywood v. Massage Envy Franchising*, LLC, 887 F.3d 329, 333 (7th Cir. 2018). Thus, her allegations survive the motion to dismiss.

The defendants argue in their reply that Gamble's use of the collective term "Defendants" in all of her allegations fails to meet the pleading requirements because it fails "to put Linn and Abrego on notice for their specific alleged wrongdoing." Dkt. 36, Reply at 5. A plaintiff must "tie [the] actions of the named defendants to the injuries he allegedly suffered." *See Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir.

2008). But when reading a complaint's allegations, one should do so "sensibly and as a whole." *Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013). If "there is no genuine uncertainty regarding who is responsible for what," then the complaint will survive. *Id*. In *Engel*, a prisoner sued a former police officer, a former federal agent, and the Village of Buffalo Grove for § 1983 violations. The defendants argued that "the complaint lacks *specificity* because the allegations often refer to 'the [d]efendants' generally." *Id*. In that case, however, the Seventh Circuit found sufficient specificity because "the only other parties named as defendants . . . are nonpersonal entities, so it would make no sense to think the complaint was referring to them when describing these specific, personal actions." *Id*. The situation here is comparable, as it is clear that Linn and Abrego were the ones performing the specific actions. Reading the complaint sensibly, its allegations are specific enough to state a claim against the individual defendants.

*The Claims Against Linn and Abrego Are Not Barred by Qualified Immunity*

The defendants next argue that, even if Gamble adequately pled her § 1983 claim against Linn and Abrego, it should be dismissed because of their qualified immunity. "Because qualified immunity is designed to protect defendants from the burden of suit, as well as the burden of liability, it is a question that should be resolved as promptly as possible." *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). At the same time, "dismissing a § 1983 suit at [motion-to-dismiss] stage on qualified immunity grounds is a 'delicate matter'" because the federal rules do not "not require plaintiffs to anticipate a qualified immunity defense and allege every fact needed to defeat it

8

in the complaint." *Rusinowski v. Vill. of Hillside*, 835 F. Supp. 2d 641, 650 (N.D. Ill. 2011) (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000)). As a result, "dismissal under Rule 12(b)(6) is appropriate based on qualified immunity only when the plaintiffs' well-pleaded allegations, taken as true, do not 'state a claim of violation of clearly established law.'" *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)).

The individual defendants are entitled to qualified immunity at the pleading stage unless "(1) the plaintiffs adequately alleged facts that, if true, would constitute a violation of a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful." *Id.* at 592. The preceding discussion of Gamble's § 1983 claims against the individual defendants resolves the first factor in her favor. The next issue is whether her constitutional right was "clearly established."

Here, the standard is whether the violated right's contours were "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Kemp v. Liebel*, 877 F.3d 346, 351 (7th Cir. 2017) (quoting *Gustafson v. Adkins*, 803 F.3d 883, 891 (7th Cir. 2015). That clarity can be achieved either by closely analogous cases establishing the right, or "by showing that the violation was so obvious that a reasonable person would necessarily have known about it." *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996). Well-pleaded allegations of intentional racial discrimination against an employee fall into the latter category. *See, e.g.*, *Auriemma v. Rice*, 910 F.2d 1449, 1457 (7th Cir. 1990) (holding that "no reasonable

police chief" would believe that he could constitutionally promote or demote police on racial grounds); *Nanda v. Bd. of Trustees of Univ. of Illinois*, 2002 WL 1553330, at *8 (N.D. Ill. July 12, 2002), aff'd, 303 F.3d 817 (7th Cir. 2002) (holding that defendants must have been aware of the plaintiff's right to be free from racial and sexual discrimination in her employment).

Gamble's pleadings describe a long running practice of discrimination motivated by racial animus. At the motion-to-dismiss stage we take plaintiff's well-pleaded allegations as true. Depending on the record that develops during discovery, it is possible that the defendants may be entitled to qualified immunity at summary judgement. *Hanson v. LeVan*, 967 F.3d 584, 598 (7th Cir. 2020). But Gamble's pleadings are sufficient to survive the claim of qualified immunity in the defendant's motion to dismiss.

For these reasons, the defendants' motion to dismiss Count II as to the Linn and Abrego is denied.

### C. Gamble's § 1981 Claims Follow Her § 1983 Claims

In Count IV, Gamble brings a claim against the defendants alleging racial discrimination pursuant to 42 U.S.C. § 1981. As all parties acknowledge, "§ 1981 does not create a private right of action against state actors." *Campbell v. Forest Preserve of Cook County*, 752 F.3d 665, 671 (7th Cir. 2014). Instead, "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Id*; *see Barrett v. Illinois Cmty. Coll. Dist. No. 515*, 2015 WL 4381218, at *3 (N.D. Ill. July 16, 2015) (denying motion to dismiss § 1981 claims and holding that § 1981 claims could be

10

brought through § 1983, even though plaintiff did not explicitly cite § 1983 in his complaint). Since Gamble's § 1981 claim rises and falls with her § 1983 claim, she has sufficiently pled her § 1983 against the Linn and Abrego but not against Cook County.

The motion to dismiss is granted as to Cook County but denied as to Linn and Abrego. Count IV against Cook County is dismissed without prejudice.

### IV. Conclusion

For the stated reasons, the defendants' motion to dismiss Counts II and IV is granted as to Cook County but denied as to Linn and Abrego. The dismissal of claims against Cook County is without prejudice.

E N T E R:

Dated: September 16, 2020

MARY M. ROWLAND
United States District Judge